[J-29-2019] [MO: Wecht, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 WAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered February 14, 2018 at |
| | : | No. 158 WDA 2017, affirming the |
| v. | : | Order of the Court of Common Pleas |
| | : | of Somerset County entered |
| | : | December 22, 2016, at No. CP-56- |
| JEFFREY ALAN OLSON, | : | CR-0000544-2015. |
| | : | |
| Appellant | : | ARGUED: April 10, 2019 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                          **DECIDED: OCTOBER 31, 2019**

I join the majority's holding that *Birchfield v. North Dakota*, __ U.S. __, 136 S.Ct. 2160 (2016), announced a new procedural rule that does not apply retroactively to matters on collateral review. I write to distance myself from the majority's discussion casting doubt on what it has indicated is the "potential applicability" of the exigent circumstances exception to the warrant requirement in the DUI arena. Majority Op. at 14-15.

As the majority notes, the *Birchfield* Court explicitly acknowledged the exigent circumstances exception was a viable exception to the Fourth Amendment warrant requirement when it noted the validity of a search "may be established by a demonstration of exigent circumstances." *Id.* at 15 (citing *Birchfield*, 136 S.Ct. at 2186 (noting "North Dakota has not presented any case-specific information to suggest that the exigent circumstances exception would have justified a warrantless test of Birchfield's blood[.]")).

The *Birchfield* Court did not question the continuing validity of applying exigent circumstances analysis to Fourth Amendment warrant requirements in DUI cases, noting that *Schmerber v. California*, 384 U.S. 757 (1966), "adopted a case-specific analysis depending on 'all of the facts and circumstances of the particular case.'" *Birchfield*, 136 S.Ct. at 2173. The Court further reasoned, this approach was reaffirmed in *Missouri v. McNeely*, 569 U.S. 141 (2013), when the Court opted not to adopt a rule of *per se* exigency based solely on the dissipation of alcohol in the blood, and rather "refused to 'depart from careful case-by-case assessment of exigency[.]'" *Id.* at 2174 (citing *McNeely*, 569 U.S. 142). Further, in *Mitchell v. Wisconsin*, __ U.S. __, 139 S.Ct. 2525 (2019) (plurality), the Supreme Court reiterated that "an officer may conduct a BAC test if the facts of a particular case bring it within the exigent-circumstances exception to the Fourth Amendment's general requirement of a warrant." *Id.* at 2531.

Despite the concerns raised in this matter, the validity of the exigent circumstances exception to the warrant requirement and the interplay of the amendment to Section 3804 which criminalizes "refusing . . . testing of blood pursuant to a valid search warrant[,]" would be better left to a future discussion in an appropriate case. *See* Majority Op. at 15; Dissenting Op. (Saylor, C.J.) at 2 (citing 75 Pa.C.S. § 3804(c)). Accordingly, I distance myself from any analysis of the viability of the exigent circumstances exception. I join the majority in all other respects.